IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
(Northern Division)

| | | |
|---|---|---|
| **DARYL A. WEST** | * | |
| 3215 Richwood Avenue | | |
| Baltimore, Maryland 21244 | * | |
| **Plaintiff** | * | |
| v. | * | |
| **POLICE OFFICER POWERS, ID# 5352** | * | CASE NO.: _____ |
| Individually and in his capacity as a | | |
| police officer with the Baltimore County | * | |
| Department | | |
| 3525 Resource Drive | * | |
| Randallstown, Maryland 21133 | | |
| | * | |
| **POLICE OFFICER KEMMERER,** | * | |
| ID# 5514 | | |
| Individually and in his capacity as a | * | |
| police officer with the Baltimore County | | |
| Department | * | |
| 3525 Resource Drive | | |
| Randallstown, Maryland 21133 | * | |
| | * | |
| **Defendants** | | |
| | * | |

\* \* \* \* \* \* \* \* \* \* \* \* \*

**COMPLAINT**

NOW COMES Plaintiff, Daryl A. West (hereinafter referred to as "Plaintiff"), by and through his attorney, Joseph E. Spicer, Esquire, Adam I. Shareef, Esquire and Cohen Harris, LLC, hereby sues Defendants, Police Officer Powers, Police ID No. 5352 (hereinafter referred to as "Powers") and Police Officer Kemmerer, Police ID No. 5514 (hereinafter, referred to as "Kemmerer") (collectively referred to as "Defendants"). In support thereof, Plaintiff states the following:

1

## INTRODUCTION

1. This is an action arising from a violation of civil rights, excessive force, and the unlawful arrest of Plaintiff brought pursuant to 42 U.S.C. §§1983 and 1988, inter alia, the Fourth Amendment of the United States Constitution made applicable to the States by the Fourteenth Amendment of the United States Constitution and Article 24 and Article 26 of the Maryland Declaration of Rights. Additionally, Plaintiff asserts other state law tort claims for relief.

2. Plaintiff was unlawfully arrested by Defendant Powers and Defendant Kemmerer. Defendant Powers used excessive force against Plaintiff when detaining and arresting him. This cause of action seeks redress for Plaintiff's injuries and Defendants' misconduct.

## JURISDICTION AND VENUE

3. This action is brought pursuant to 42 U.S.C. § 1983 to redress the deprivation under color of law of Plaintiff's rights as secured by the United States Constitution.

4. This Court has jurisdiction pursuant to 28 U.S.C. §§1331 and 1367. Venue is proper under 28 U.S.C. §1391(b). The events giving rise to this complaint occurred in this judicial district.

## THE PARTIES

5. At all times relevant to this Complaint, Plaintiff was an adult a resident of Baltimore County, Maryland and a citizen of the State of Maryland.

6. At all times relevant to this Complaint, Defendant Powers was employed as a police officer with the Baltimore County Police Department and as such, Defendant Powers was a duly authorized agent, servant, and/or employee of the Baltimore County Police Department.

7. Defendant Powers was acting within the scope and course of employment as a member of the Baltimore County Police Department at the time of the events alleged in this Complaint.

8. Defendant Powers is being sued in this case both as an individual and in his capacity as a Baltimore County Police Officer as he acted under the color of law during: (1) his investigation of Plaintiff; (2) the time he arrested Plaintiff, and (3) the time he used force against Plaintiff.

9. At all times relevant to this Complaint, Defendant Kemmerer was employed as a police officer with the Baltimore County Police Department and as such, Defendant Kemmerer was a duly authorized agent, servant, and/or employee of the Baltimore County Police Department.

10. Defendant Kemmerer was acting within the scope and course of employment as a member of the Baltimore County Police Department at the time of the events alleged in this Complaint.

11. Defendant Kemmerer is being sued in this case both as an individual and in his capacity as a Baltimore County Police Officer as he acted under the color of law during: (1) his investigation of Plaintiff and (2) the time he arrested Plaintiff.

## **FACTS**

12. On July 10th, 2019, Defendant Powers drove up to Plaintiff who was walking in the parking lot located at 8729 Liberty Road, in Randallstown, Maryland.

13. Defendant Powers exited his vehicle and told Plaintiff to put his hands on the car while accusing him of stealing tools.

14. Before Plaintiff could comply with his order, Defendant Powers grabbed Plaintiff and began to choke him with both hands.

15. Defendant Powers then shoved Plaintiff against his police car.

16. Defendant Powers told Plaintiff to put his hands behind his back.

17. Plaintiff told Defendant Powers that he did not steal any tools.

18. At this time, Defendant Powers grabbed Plaintiff and punched him in his face three (3) times in rapid succession causing the Plaintiff to fall to the ground in a daze and causing the back of Plaintiff's head to hit the pavement.

19. Defendant Kemmerer came to location where Plaintiff and Defendant Powers were located.

20. Defendant Kemmerer then grabbed Plaintiff and handcuffed him.

21. Plaintiff was arrested, handcuffed, and taken to the hospital to be examined and treated for the injuries he caused by the Defendants.

22. Defendant Kemmerer charged Plaintiff with misdemeanor theft and resisting arrest.

23. Plaintiff was incarcerated for approximately three (3) months for his criminal charges.

24. On or about September 18th, 2019, Plaintiff appeared for his trial where all of his criminal charges were dismissed.

25. At the time of his arrest, Plaintiff did not physically resist Defendant Powers and Defendant Kemmerer and the force directed against him was unnecessary, unreasonable, and excessive.

26. At no time during the events described above, was Plaintiff a threat to the safety of himself, Defendant Powers, Defendant Kemmerer, or any other person present in the vicinity.

27. Plaintiff did not commit any criminal offenses before or during the encounter with Defendant Powers.

28. Neither Defendant Powers nor Defendant Kemmerer observed Plaintiff commit a crime in his presence.

29. Defendants did not have a warrant for Plaintiff West's arrest.

30. Defendants also did not have probable cause for Plaintiff's arrest.

31. Defendants did not have the legal authority to seize Plaintiff's person.

32. As a direct result of Defendants' unlawful actions and unreasonable and excessive use of force, Plaintiff suffered serious physical injuries.

33. As a result of Defendants' acts and omissions, Plaintiff suffered physical, emotional, mental and financial injuries, including, but not limited to, emotional trauma, pain and suffering, mental anguish, humiliation, disgrace, loss of dignity, costs and expenses of medical and legal proceedings, lost wages, and other expenses.

34. Defendants violated clearly established and well settled federal and state constitutional rights of Plaintiff such as his freedom from the unreasonable seizure of his person and freedom from the use of excessive, unreasonable, and unjustified force against his person.

35. On or about March 25th, 2020, Plaintiff gave proper notice of his claims against the Defendants pursuant to provisions of the Local Government Tort Claims Act, codified as Courts & Judicial Proceedings §§ 5-301 et seq.

### COUNT ONE – VIOLATION OF 42 U.S.C. § 1983 – VIOLATION OF THE FOURTH AND FOURTEENTH AMENDMENTS
**(unreasonable search and seizure)**
**(Against Defendant Powers and Defendant Kemmerer)**

36. Plaintiff hereby alleges and incorporates by reference the facts and allegations contained in paragraphs 1 through 35 as if fully set forth herein.

37. Plaintiff has a constitutional right under the Fourth Amendment and Fourteenth Amendment to the United States Constitution to be free from unreasonable stops, searches, and seizures.

38. Plaintiff had rights afforded to him by the Fourth Amendment and the Fourteenth

5

Amendment to the United States Constitution not to have his person or property unlawfully searched, seized, or detained in an unreasonable manner; not to be deprived of his liberty without due process of the law; and not to be subjected to excessive force during the course of his arrest.

39. Defendant Powers and Defendant Kemmerer violated Plaintiff's right to be free from unreasonable intrusions by arresting him.

40. Defendant Powers and Defendant Kemmerer acted with the intent and capability to do bodily harm to Plaintiff. Defendant Powers' and Defendant Kemmerer's conduct was perpetrated with actual malice.

41. Defendant Powers' actions caused Plaintiff to be put in reasonable apprehension of an imminent battery.

42. The acts and omissions of Defendant Powers and Defendant Kemmerer, as described herein, violated Plaintiff's clearly established rights of which a reasonable person in Defendant Powers' and Defendant Kemmerer's positions knew or should have known.

43. Defendant Powers' and Defendant Kemmerer's actions, as described herein, were unreasonable, willful and wanton in light of the facts and circumstances.

44. Defendant Powers arrested Plaintiff with more force than necessary, inasmuch no force constitutionally permissible.

45. As a result of Defendant Powers' and Defendant Kemmerer's conduct and actions, Plaintiff has suffered and will continue to suffer physical injuries, severe mental anguish, loss of income as well as medical and other related expenses.

46.  At all times relevant herein, Defendants were acting as policer officers and as employees of the Baltimore County Police Department while under the color of State and local law.

WHEREFORE, Plaintiff demands judgment, jointly and severally, against Defendant Powers and Defendant Kemmerer in the amount of two hundred and fifty thousand dollars ($250,000.00) in compensatory damages and two hundred fifty thousand dollars ($250,000.00) in punitive damages, with interest and costs, including attorney's fees.

### COUNT TWO – VIOLATION OF 42 U.S.C. § 1983 – VIOLATION OF THE FOURTH AND FOURTEENTH AMENDMENTS
(use of excessive force)
(Against Defendant Powers only)

47. Plaintiff hereby alleges and incorporates by reference the facts and allegations contained in paragraphs 1 through 46 as if fully set forth herein.

48. Plaintiff has a constitutional right under the Fourth Amendment and Fourteenth Amendment to the United States Constitution to be free from Defendant Powers and law enforcement's use of excessive force.

49. Plaintiff had rights afforded to him by the Fourth Amendment and the Fourteenth Amendment to the United States Constitution not to have his person or property unlawfully searched, seized, or detained in an unreasonable manner; not to be deprived of his liberty without due process of the law; and not to be subjected to excessive force during the course of his arrest.

50. Defendant Powers violated Plaintiff's right to be free from unreasonable and unnecessary use of force.

51. Defendant Powers acted with the intent and capability to do bodily harm to Plaintiff. Defendant Powers' conduct was perpetrated with actual malice.

52. The acts and omissions of Defendant Powers, as described herein, violated Plaintiff's clearly established rights of which a reasonable person in Defendant Powers' position knew or should have known.

53. Defendant Powers' actions, as described herein, were unreasonable, willful

and wanton in light of the facts and circumstances.

54. Defendant Powers arrested Plaintiff with more force than reasonably necessary and constitutionally permissible under the facts and circumstances.

55. As a result of Defendant Powers' conduct and actions, Plaintiff has suffered and will continue to suffer physical injuries, severe mental anguish, loss of income as well as medical and other related expenses.

56.  At all times relevant herein, Defendant Powers was acting under the color of State and local law and as a member of the Baltimore County Police Department.

WHEREFORE, Plaintiff demands judgment against Defendant Powers in the amount of two hundred and fifty thousand dollars ($250,000.00) in compensatory damages and two hundred fifty thousand dollars ($250,000.00) in punitive damages, with interest and costs, including attorney's fees.

## COUNT THREE – BATTERY
### (Against Defendant Powers and Defendant Kemmerer)

57. Plaintiff hereby alleges and incorporates by reference the facts and allegations contained in paragraphs 1 through 56 as if fully set forth herein.

58. Defendant Powers and Defendant Kemmerer engaged in intentional acts of unlawful conduct with Plaintiff such that Plaintiff sustained physical injuries.

59. Defendant Powers utilized unreasonable, unlawful, and excessive force by, among other things, choking Plaintiff, punching Plaintiff, taking Plaintiff to the ground, placing Plaintiff's left arm in a twist lock, and handcuffing Plaintiff.

60. Defendant Powers' and Defendant Kemmerer's actions and conduct constituted an intentional and unwanted touching of Plaintiff which was undertaken deliberately and with actual malice to inflict pain and suffering upon Plaintiff.

61. Plaintiff did not consent to Defendant Powers' and Defendant Kemmerer's physical contact and Plaintiff in no way provoked, contributed to, or in any way presented just or reasonable cause for Defendant Powers' and Defendant Kemmerer's actions.

62. As a result of Defendant Powers' and Defendant's Kemmerer's conduct and actions, Plaintiff has suffered and will continue to suffer physical injuries, severe mental anguish, loss of income as well as medical and other related expenses.

WHEREFORE, Plaintiff demands judgment, jointly and severally, against Defendant Powers and Defendant Kemmerer in the amount of two hundred and fifty thousand dollars ($250,000.00) in compensatory damages and two hundred fifty thousand dollars ($250,000.00) in punitive damages, with interest and costs, including attorney's fees.

## COUNT FOUR--- FALSE ARREST
### (Against Defendant Powers and Defendant Kemmerer)

63. Plaintiff hereby alleges and incorporates by reference the facts and allegations contained in paragraphs 1 through 62 as if fully set forth herein.

64. Defendant Powers and Defendant Kemmerer arrested Plaintiff against his will.

65. Defendant Powers and Defendant Kemmerer arrested Plaintiff without probable cause.

66. Defendant Powers' and Defendant Kemmerer's conduct caused Plaintiff to be unlawfully deprived of his liberty.

67. Plaintiff's arrest was unlawful with demonstrated ill will, improper motivation, or an evil purpose.

68. As a result of Defendant Powers' and Defendant Kemmerer's conduct and actions, Plaintiff has suffered, and will continue to suffer, loss of liberty, physical injuries, severe emotional distress, severe mental anguish, loss of income as well as medical and other related expenses.

WHEREFORE, Plaintiff demands judgment, jointly and severally, against Defendant Powers and Defendant Kemmerer in the amount of two hundred and fifty thousand dollars ($250,000.00) in compensatory damages and two hundred fifty thousand dollars ($250,000.00) in punitive damages, with interest and costs, including attorney's fees.

## COUNT FIVE-- FALSE IMPRISONMENT
### (Against Defendant Powers and Defendant Kemmerer)

69. Plaintiff hereby alleges and incorporates by reference the facts and allegations contained in paragraphs 1 through 68 as if fully set forth herein.

70. Defendant Powers' and Defendant Kemmerer's actions and conduct caused Plaintiff to be unlawfully deprived of his liberty.

71. Plaintiff was arrested and incarcerated against his will for approximately three (3) months.

72. As a result of Defendant Powers' and Defendant Kemmerer's actions, Plaintiff suffered damage by being unlawfully held against his will for an extended period of time.

73. Defendant Powers' and Defendant Kemmerer's behavior and actions toward Plaintiff demonstrated actual malice.

74. As a result of Defendant Powers' and Defendant Kemmerer's conduct and actions, Plaintiff has suffered loss of liberty, physical injuries, severe emotional distress, mental anguish, loss of income as well as medical and other related expenses.

WHEREFORE, Plaintiff demands judgment, jointly and severally, against Defendant Powers and Defendant Kemmerer in the amount of two hundred and fifty thousand dollars ($250,000.00) in compensatory damages and two hundred fifty thousand dollars ($250,000.00) in punitive damages with interest and costs, including attorney's fees.

### COUNT SIX – VIOLATION OF ARTICLE 24 OF THE
### MARYLAND DECLARATION OF RIGHTS
### (Against Defendant Powers and Defendant Kemmerer)

75. Plaintiff hereby alleges and incorporates by reference the facts and allegations contained in paragraphs 1 through 74 as if fully set forth herein.

76. Defendant Powers' and Defendant Kemmerer's unlawful arrest and incarceration of Plaintiff deprived Plaintiff of his rights guaranteed to him under the Article 24 of the Maryland Declaration of Rights.

77. As a result of Defendant Powers' and Defendant Kemmerer's conduct and actions, Plaintiff has suffered and will continue to suffer physical injuries, severe mental anguish, loss of income as well as medical and other related expenses.

WHEREFORE, Plaintiff demands judgment, jointly and severally, against Defendant Powers and Defendant Kemmerer in the amount of two hundred and fifty thousand dollars ($250,000.00) in compensatory damages and two hundred fifty thousand dollars ($250,000.00) in punitive damages, with interest and costs, including attorney's fees.

### COUNT SEVEN--- VIOLATION OF ARTICLE 26 OF THE
### MARYLAND DECLARATION OF RIGHTS
### (Against Defendant Powers and Defendant Kemmerer)

78. Plaintiff hereby alleges and incorporates by reference the facts and allegations contained in paragraphs 1 through 77 as if fully set forth herein.

79. Defendant Powers' and Defendant Kemmerer's arrest, battering, imprisoning, and commission of other acts against Plaintiff violated and deprived Plaintiff of his rights guaranteed to him under the Article 26 of the Maryland Declaration of Rights.

80. As a result of Defendant Powers' and Defendant Kemmerer's conduct and actions, Plaintiff has suffered and will continue to suffer physical injuries, severe mental anguish, medical and other related expenses, and loss of income.

WHEREFORE, Plaintiff demands judgment, jointly and severally, against Defendant Powers and Defendant Kemmerer in the amount of two hundred and fifty thousand dollars ($250,000.00) in compensatory damages and two hundred fifty thousand dollars ($250,000.00) in punitive damages, with interest and costs, including attorney's fees.

## **RELIEF SOUGHT**

WHEREFORE, Plaintiff respectfully requests that this Court enter judgment in his favor against Defendants and award him:

1. An order and judgment against Defendants awarding damages for physical pain and suffering, emotional pain, mental anguish, inconvenience, lost wages and benefits, attorney's fees, costs, loss of enjoyment of life, other non-pecuniary and further relief as the court deems just and proper;

2. Actual, compensatory damages, prejudgment interest, post-judgement interest and consequential damages against Defendants;

3. Reasonable attorney's fees and costs incurred in pursuing this action, as provided under 42 U.S.C. §1983 and 42 U.S.C.§1988; and

4. Punitive damages against Defendants; and

5. Any other relief as this Court deems just and appropriate.

## **JURY DEMAND**

Plaintiff, Daryl A. West hereby demands a trial by jury pursuant to Federal Rule of Civil Procedure 38(b) on all triable issues.

Respectfully submitted,

_____/s/_____
Joseph E. Spicer, Esquire #27839
Adam Shareef, Esquire #21748
Cohen Harris, LLC
40 York Road, 4th Floor
Towson, Maryland 21204
Telephone No.: (888) 585-7979
Fax No.: (443) 773-0675
E-mail: joseph@cohenharris.com
E-mail: adam@cohenharris.com
Attorneys for Plaintiff